IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ROBERT STEWARD,                    :
                  Petitioner,      :
             v.                    :    Civil Action No. 05-666
HARRY WILSON, SUPERINTENDENT,      :
S.C.I. FAYETTE and PENNSYLVANIA    :
BOARD OF PROBATION AND PAROLE,     :
                  Respondents      :
```

## Report and Recommendation

Recommendation

Petitioner, serving a 22½-45 year sentence imposed by the Court of Common Pleas of Philadelphia County in 2001, has filed a petition for a writ of habeas corpus, challenging the Pennsylvania Board of Probation and Parole's addition in 2002 of a consecutive 2 years 6 months and 28 days of "backtime," that is, all of the unexpired term of a 3-10 year sentence originally imposed by the Court of Common Pleas of Montgomery County in 1986.  I recommend that the petition and a certificate of appealability be denied.

Report

In a nutshell, after several parole revocations, see docket no. 10-2, Exhibit 3, and a new criminal conviction in Philadelphia for aggravated assault and robbery resulted in a 22½-45 year sentence, docket no. 10-2, Exhibit 4, the Board committed petitioner as a convicted parole violator in February 2002 to serve 2 years 6 months and 28 days, docket no. 10-2, Exhibit 6, which is all of the time petitioner had remaining on a 3-10 year sentence. That sentence was imposed on December 3, 1986, by the Court of Common Pleas of Montgomery County, after petitioner was convicted

on charges of rape and unlawful restraint.   docket no. 10-2, Exhibit 1.   Petitioner argues that the Board erred in computing the unexpired term of his Montgomery County sentence: petitioner believes he only had 21 days left on that sentence.   docket no. 1, Petition at ¶6.   Before even reaching the merits of petitioner's claim, however, it is necessary to consider whether petitioner has a federal claim, because this court can grant a writ only for violations of the federal constitution and federal law.   28 U.S.C.§§ 2241(c)(3) and 2254(a).   Second, this court cannot grant habeas corpus relief on a claim that has not been exhausted in the state court.   28 U.S.C.§ 2254(b)(1)(A), unless (which is not the case here) petitioner had no remedy in the state courts, or had a formal remedy but circumstances made that remedy ineffective.   28 U.S.C.§ 2254(b)(1)(B).   To exhaust a claim, the petitioner must present both the facts on which the federal claim is based, Landano v. Rafferty, 897 F.2d 661, 668-69 (3d Cir.), cert. denied, 498 U.S. 811 (1990), and the legal theory of the federal claim to the state courts.   Duncan v. Henry, 513 U.S. 364, 365-66 (1995)(per curiam). See also McCandless v. Vaughn,  172 F.3d 255, 261-62 (3d Cir. 1999) (While petitioner need not cite chapter and verse of the federal constitution, "petitioners must have communicated to the state courts in some way that they were asserting a claim predicated on federal law."); Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d

Cir.1997)("[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.")

Examination of the issues presented by the petitioner to the Commonwealth Court and to the Pennsylvania Supreme Court shows that petitioner completely failed to present to either court any claim based on federal law, and therefore has failed to exhaust any federal claim.  Petitioner presented four state law claims to the Commonwealth Court, three of which the Commonwealth Court found to be procedurally defaulted, docket no. 10-2, Exhibit 7, <u>Steward v. Commonwealth Board of Probation and Parole</u>, No. 1225 C.D. 2002, slip op. at 1-2 (Pa.Cmwlth. July 25, 2003), and the fourth of which the Commonwealth Court found to be meritless as a matter of state law.  <u>Id.</u>, slip op. at 4.  That fourth claim was whether the Board erred in failing to credit the period from December 18, 1997, through June 19, 1998, as time on parole.  Petitioner presented nine issues, none of them federal claims, to the Pennsylvania Supreme Court.  docket no. 10-2, Exhibit 9, Petition for Allowance of Appeal in <u>Steward v. Commonwealth Board of Probation and Parole</u>, No. 714 MAL 2003, at 1-2.  Petitioner's fourth issue was "Did respondents miscalculate the amount of backtime owed by the petitioner?" but his only reference to federal law was the passing argument on the next to last page of his Petition for Allowance of Appeal, citing the Fourteenth Amendment, that he "should not be

3

deprived of liberty without due Process of Law." Id. at 11. That
preserves no federal claim.

Further, what petitioner apparently contends is the
dispositive issue, whether petitioner was committed twice as a
technical parole violator for the same parole violation, could not
even arise as a federal claim because there is no parole in federal
criminal law. It would be an unwarranted intrusion into state law
for a federal habeas court to do any more than ensure that a state
prisoner is not serving more time than his maximum sentence under
state law. That is not the case. See 10-2 Exhibit 1, Exhibit 3.
Petitioner was originally sentenced on December 3, 1986, and was
paroled on October 1, 1989, effectively 3 three years later. He
was then recommitted for 12 months in 1992 after a conviction for
simple assault: petitioner actually was returned to prison on March
25, 1993, and reparoled on January 21, 1993. In late November
1995, petitioner was recommitted as a technical parole violator for
15 months, a recommitment rescinded in late November 1997;
petitioner was again reparoled on November 26, 1997, after more
than two years in prison. Petitioner was arrested again in June
1998, and in September 1998, petitioner was again recommitted as
a technical parole violator to serve 1 year 1 month 3 days.

On January 25, 1999, while serving this period of time
as a parole violator, petitioner was arrested on the aggravated
assault charge. The time petitioner spent in custody from January

4

25, 1999, through December 15, 2001, because petitioner could not make bond on the aggravated assault charge, did not count under state law against petitioner's recommitment period.  docket no. 10-2, Exhibit 7, <u>Steward v. Commonwealth Board of Probation and Parole</u>, No. 1225 C.D. 2002, slip op. at 5 n.5.   Therefore, petitioner's total time served on the Montgomery County sentence was three years from 1986 to 1989, one year from 1992 to 1993, 2 years 9 months 26 days from 1995 to 1997, and 7 months 6 days from June 1998 to January 1999.  That leaves 2 years 6 months and 28 days of the original 10 years, and because state law provides that a convicted parole violator shall receive no credit for street time, docket no. 10-2, Exhibit 7, <u>Steward v. Commonwealth Board of Probation and Parole</u>, No. 1225 C.D. 2002, slip op. at 5 n.5, <u>citing</u> 61 P.S.§ 331.21a(a), the Board could properly add that entire amount to petitioner's sentence.   Because under state law petitioner is not serving a period beyond the sentence imposed by the state court, this court's review ends.   No certificate of appeal should issue because there is no issue of federal law to review.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.


DATE:_____November 2006_____          _____Keith Pesto_____

                                         Keith A. Pesto,
                                         United States Magistrate Judge

Notice to:

          Robert Steward FZ-2011
          S.C.I. Fayette
          P.O. Box 9999
          Labelle, PA 15450

          Robert A. Willig, Esquire
          6th Floor Manor Complex
          564 Forbes Avenue
          Pittsburgh, PA 15219

6